IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARTIN PERALTA,

    Plaintiff,

v.                                                      Civ. No. 10-00173 MCA/WDS

WACKENHUT SERVICES, INC.,
OTIS E. COOKSEY and STEVE WELDON,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon the *United States of America's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)*. [Doc. 4] By its motion, the United States of America ("United States") seeks dismissal of the Complaint as to Steve Weldon, pursuant to 28 U.S.C. § 2679(d)(2) and Fed. R. Civ. P. 12(b)(1). For the reasons set forth below, the Court **denies** the United States' Rule 12(b)(1) motion to dismiss without prejudice to the United States' right to resubmit the question of the Court's subject matter jurisdiction over claims against Weldon by means of a Rule 12(b)(6) motion to dismiss or a Rule 56 motion for summary judgment.

**BACKGROUND**

On January 19, 2010, Plaintiff, Martin Peralta, filed a *Complaint for Breach of Employment Contract, Infliction of Emotional Distress and Tort[i]ous Interference with Contractual Relations* [Doc. 1-2] in the Second Judicial District Court of the State of New Mexico. According to the allegations of his Complaint, Peralta was employed by Defendant Wackenhut Services, Inc. ("Wackenhut"), where, for most of his work history, he was considered an exemplary employee. Peralta's immediate supervisor was Defendant Otis E. Cooksey ("Cooksey").

Wackenhut had a contract with the Department of Energy ("DOE") to provide security at Sandia National Laboratories (SNL) in Albuquerque. Weldon is a Deputy Director of DOE's

Office of Secure Transportation.  His responsibilities included oversight of Wackenhut security services at SNL.

Plaintiff alleges that "[p]ersonality conflicts or other unrelated and unknown motivations" led Weldon to harass and intimidate Peralta and to interfere with Peralta's employment at Wackenhut.  According to Peralta, Weldon used his oversight authority to pressure Wackenhut to fire Peralta without cause, and that ultimately, in April 2009, Wackenhut and Cooksey succumbed to the pressure exerted by Weldon and fired Peralta based upon a "completely fabricated" breach of security by Peralta.  Peralta alleges that he was fired as the result of Weldon's "wilfull and intentional interference."  Peralta asserts a claim for breach of contract against Wackenhut and Cooksey, a claim for intentional infliction of emotional distress against all three Defendants, and a claim for tortious interference with his employment contract against Weldon.

On February 26, 2010, the United States Attorney for the District of New Mexico acting on behalf of the Attorney General certified pursuant to 28 U.S.C. § 2679 that Weldon "was acting within the course and scope of his employment as an employee of the U.S. Department of Energy" and that he was "a federal employee for tort purposes pursuant to 28 U.S.C. §§ 1346(b) and 2679(b) at all times relevant to the allegations contained in [Peralta's] Complaint." That same day, the United States  removed Peralta's state court action to this Court pursuant to 28 U.S.C. § 2679(d)(2).

**DISCUSSION**

As part of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"), Congress has conferred on the district courts exclusive jurisdiction over "civil actions on claims against the United States, for money damages . . .for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government *while acting within the scope of his office or employment*, under circumstances where the United

States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b) (emphasis added). The crucial jurisdictional event in this case was the U.S. Attorney's certification that Weldon was acting within the scope of his federal employment when he committed the wrongful acts alleged in the Complaint.  That certification provided the basis for removal of Peralta's state-law Complaint pursuant to § 2679(d)(2), and constitutes a *prima facie* showing supporting jurisdiction pursuant to § 1346(b), *see Richman v. Straley*, 48 F.3d 1139, 1145 (10th Cir. 1995).

Although the scope-of-employment certification is "conclusive" for purposes of removal, it otherwise is subject to judicial review. *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417 (1995). A district court may inquire into the merits of the scope-of-employment certification to decide whether the action is properly maintained as one against the United States. *Richman*, 48 F.3d at 1145.  A court reviews a scope-of-employment certification under a *de novo* standard. *Id.* If in fact Weldon was not acting "within the scope of his office or employment," his claims are not subject to the FTCA.[1]

The United States maintains that the U.S. Attorney's certification is proper, that Peralta's claims against Weldon must be deemed  claims against the United States, and that pursuant to 28 U.S.C. § 2675(a), Peralta was required to submit an administrative claim to the Department of Energy/National Nuclear Security Administration prior to filing suit. As the United States points out, the submission of an administrative claim has been held to be a non-waivable jurisdictional requirement. *Bradley v. United States ex rel. Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991).

---

[1] As the Supreme Court noted in *Lamagno*, even when a district court rejects a certification and re-substitutes the individual defendant for the United States, a federal question sufficient to satisfy Article III would have been present at the outset of the case. 515 U.S. at 435. The Court expressed approval of a practice of exercising pendant jurisdiction over  once-again purely state-law claims after a district court has rejected a certification and re-substituted the individual defendant for the United States. *Id.* at 435-36.

Under the United States' analysis, to the extent Peralta's claims are based on Weldon's conduct, they are subject to dismissal pursuant to Rule 12(b)(1) for want of subject matter jurisdiction due to Peralta's failure to submit his claim to the DOE/NNSA.

Peralta does not deny that he has not submitted an administrative claim. As the Court understands Peralta's position, Peralta maintains that the FTCA, including the presentation of administrative claim requirement of § 2675(a), is simply inapplicable because Weldon was not acting within the scope of his federal employment when he harassed Peralta and interfered with Peralta's employment contract with Wackenhut. Peralta asks the Court to reject the U.S. Attorney's scope-of-employment certification and to re-substitute Weldon as a defendant.

Under the FTCA, the jurisdictional issue of Weldon's scope of employment must be determined by reference to New Mexico law. *Garcia v. United States*, No. CIV 08-0295 JB/WDS, 2009 WL 1300938 *7 (D. N.M. Mar. 30, 2009). New Mexico law provides as follows:

> An act of an employee is within the scope of employment if:
>
> 1. It was something fairly and naturally incidental to the employer's business assigned to the employee, and
> 2. It was done [a] while the employee was engaged in the employer's business [b] with the view of furthering the employer's interest and [c] did not arise entirely from some external, independent and personal motive on the part of the employee.

UJI 13-407 NMRA (2010). An employee's act is not within the scope of employment where it "was not in any way 'actuated. . .by a purpose to serve' [the employer]." *Medina v. Graham's Cowboy's, Inc.*, 113 N.M. 471, 475 (Ct. App. 1992)(quoting Restatement (Second) of Agency § 235 (1957)). "[A]n employer is not generally liable for an employee's intentional torts because an employee who intentionally injures another individual is generally considered to be acting outside the scope of his or her employment." *Ocana v. American Furniture Co.*, 135 N.M. 539, 551-52 (2004).

Under New Mexico law, whether Weldon's actions were done in the scope of his employment is a question of fact that will turn in large part upon Weldon's state of mind. *Medina*, 113 N.M. at 475; *see also* Restatement (Second) Agency § 235, cmt. a ("The rule stated in this Section applies although the servant would be authorized to do the very act done it if were done for the purpose of serving the master, and although outwardly the act appears to be done on the master's account. It is the state of the servant's mind which is material."). To establish that Weldon was acting outside the scope of his employment, Peralta will have demonstrate, *inter alia*, that Weldon was not acting with the view to furthering the United States interest in security at SNL or that his conduct was not in any way actuated by a purpose to serve his federal employer. To establish a claim for intentional interference with contract under New Mexico law, Peralta will have to demonstrate, *inter alia*, that Weldon's actions were "without privilege or justification." *Martin v. Franklin Capital Corp.*, 145 N.M. 179, 182 (Ct. App. 2008)(listing elements of intentional interference with a contract). A showing that Peralta was guilty of a serious breach of security would tend to support the United State's jurisdictional theory that Weldon was acting within the scope of his employment, while also tending to undermine Peralta's case on the merits by establishing that Weldon's actions were justified by legitimate security concerns. Conversely, a showing that Peralta was an exemplary employee and that Weldon pressured Wackenhut to fire Peralta for no apparent legitimate reason, would tend to support Peralta's theory that Weldon's acts of harassment and interference with Peralta's employment contract were outside the scope of his employment and were not privileged or justified by legitimate security concerns. Thus, it appears that the jurisdictional scope-of-employment inquiry will be substantially intertwined with the merits of Peralta's intentional tort claims.

**CONCLUSION**

"[A] court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Under *Holt*, the question of whether Weldon was acting within the scope of his employment at the time he committed the acts alleged in Peralta's Complaint cannot be resolved under Rule 12(b)(1). Accordingly, the instant 12(b)(1) motion to dismiss must be denied. This denial will be without prejudice to the United State's right to resubmit the question of the Court's subject matter jurisdiction over Peralta's claims against Weldon through a Rule 12(b)(6) motion to dismiss or a Rule 56 motion for summary judgment.

**WHEREFORE,**

**IT IS HEREBY ORDERED** that the *United States of America's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)*. [Doc. 3] is denied;

**IT IS FURTHER ORDERED** that the denial of the instant motion shall be without prejudice to the United State's right to resubmit the question of the Court's subject matter jurisdiction through a Rule 12(b)(6) motion to dismiss or a Rule 56 motion for summary judgment.

**So ordered this 31st day of July, 2010.**

**M. CHRISTINA ARMIJO**
**UNITED STATES DISTRICT JUDGE**